UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

EMMA GOINS                                                  PLAINTIFF

V.                                    CIVIL ACTION NO. _____

ADECCO USA, INC.                                 DEFENDANT

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 and with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, personal jurisdiction, venue, and statute of limitations, Defendant Adecco USA, Inc. by and through its undersigned counsel, hereby files its Notice of Removal of this action from the Perry Circuit Court, to the United States District Court for the Eastern District of Kentucky. The grounds for removal are as follows:

1. On October 22, 2018, Plaintiff Emma Goins filed a Complaint in Perry Circuit Court. [Exhibit 1].

2. In sum, Plaintiff alleged she sustained personal injuries and damages as a result of an incident which occurred on or about October 21, 2017 and that Plaintiff was and is a citizen of Manchester, Clay County, Kentucky. [Exhibit 1].

3. On January 22, 2019 Defendant Adecco USA, Inc. filed an Answer to the Complaint. [Exhibit 2].

4. Adecco USA, Inc. is a corporate citizen of the State of Florida.

5. The Complaint did not contain solid and unambiguous information that the case was immediately removable, because it did not specify that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. See *Berea vs. Mesa Med. Group, PLLC*, 779 F.3d 352, 364 (6th Cir. Ky. 2015).

6. When faced with a Complaint effectively silent as to damages, the Defendant should make an independent inquiry as to the extent of damages. *Cole vs. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990).

7. On May 2, 2019 Plaintiff served upon Adecco USA, Inc. a Response to Request for Admission under Ky. CR 36.01 admitting the amounts sought as total damages in her Complaint exceeded the sum of $75,000.00, exclusive of costs and interest. [Exhibit 3 – redacted per FRCP 5.2(a)].

8. Pursuant to 28 U.S.C. § 1446(b)(3), if the amount in controversy does not appear upon the face of the Complaint, the 30-day period will run anew upon the receipt by the Defendant of some subsequently filed pleading or discovery establishing it. *Powell vs. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 56513, *4, citing *Ellis vs. Logan Co.*, 543 F. Supp. 586, 589 (W.D. Ky. 1982) [removal petition was timely filed by the Defendant within 30 days after receipt of Answers to Interrogatories pursuant to § 1446(b)].

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff, a citizen of Kentucky; and Defendant Adecco USA, Inc., which is not a citizen of Kentucky. Furthermore, the amount in controversy, exclusive of interest and costs, exceeds the requisite sum of $75,000.00. Removal is appropriate as Defendant Adecco USA, Inc. seeks removal within thirty (30) days after service of a paper from which it was first ascertained that the case was one that is or has become removable. *See* 28 U.S.C. § 1446(b). Accordingly, this action may be removed to this Court.

10. This Notice of Removal is filed within thirty days of Defendant Adecco USA, Inc.'s receipt of a copy of an amended pleading, motion, order, or other paper from which it first may be

ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b)(3). Therefore this Notice of Removal is timely and proper. *See* 28 U.S.C. § 1446(b)(1).

11. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court and known to have been served by, or upon Defendant Adecco USA, Inc., including but not limited to the Complaint [Exhibit 1], Answer of Defendant Adecco USA, Inc., [Exhibit 2], Plaintiff's Motion for Default Judgment [Exhibit 4], Defendant Adecco USA, Inc.'s Motion for Enlargement of Time [Exhibit 5], Defendant Adecco USA, Inc.'s Notice of Appearance [Exhibit 6], Defendant Adecco USA, Inc.'s Response to Plaintiff's Motion for Default Judgment [Exhibit 7], Order Granting Defendant Adecco USA, Inc.'s Motion for Enlargement of Time [Exhibit 8], Defendant Adecco USA, Inc.'s Motion to Dismiss [Exhibit 9], Plaintiff's Response to Defendant Adecco USA, Inc.'s Motion to Dismiss [Exhibit 10], Defendant Adecco USA, Inc.'s Reply in Support of Motion to Dismiss [Exhibit 11], and Order Denying Adecco USA, Inc.'s Motion to Dismiss [Exhibit 12].

12. On May 30, 2019 a Notice of Filing of Notice of Removal was filed with the Perry Circuit Court, and served upon counsel of record for Plaintiff, which effects the removal pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as Exhibit 13.

WHEREFORE, the Defendant, Adecco USA, Inc., respectfully requests this Honorable Court retain the action for removal from the Perry Circuit Court, Perry County, Kentucky, and award the Defendant, Adecco USA, Inc., any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Craig M. Schneider
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorneys for Defendant, Adecco USA, Inc.*

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing Notice of Removal was electronically filed on May 30, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ Craig M. Schneider
Judd R. Uhl (89578)
Craig M. Schneider (92345)