# Exhibit 1

## COMMONWEALTH OF KENTUCKY
## 33rd JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-_____

*Electronically Filed*

**EMMA GOINS**                                                               **PLAINTIFF**

v.

**ADECCO USA, INC.**                                                     **DEFENDANT**

**SERVE:**    **REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**306 W. MAIN ST., STE. 512**
**FRANKFORT, KY 40601**

## COMPLAINT

Comes the Plaintiff, Emma Goins, by and through counsel, and for her Complaint

against the Defendant hereby states as follows.

1. The Plaintiff, Emma Goins, is now and was at all relevant times hereto an adult

   resident of Manchester, Clay County, Kentucky.

2. The Defendant, Adecco USA, Inc., is a Foreign Corporation duly authorized to do

   business in the Commonwealth of Kentucky and was/is contracted by the

   Commonwealth of Kentucky to provide temporary manpower services, including

   maintenance, for the Department of Parks. Adecco USA, Inc.'s registered agent

   for service of process is C T Corporation System, 306 W. Main St., Ste. 512,

   Frankfort, KY 40601.

3. The accident referred to herein took place in Perry County, Kentucky, on or about

   October 21, 2017.

4. All damages complained of by the Plaintiff exceed the jurisdictional prerequisites
of this Court.

COUNT I

5. On or about the 21st day of October 2017, the Plaintiff, Emma Goins, was a
business invitee at Buckhorn Lake State Resort Park in Perry County, Kentucky,
when she attended an event at the Park.

6. At the time and place mentioned above, the Defendant, Adecco USA, Inc., by and
through its agents, servants, and employees, did fail to inspect and maintain the
premises in a proper manner, allowing the presence of an unreasonably dangerous
condition. As a result of the aforementioned negligence, carelessness, and
recklessness, stairs where invitees are expected to walk and travel were in an
unreasonably dangerous condition.

7. At the time and place mentioned above, the Defendant, Adecco USA, Inc., by and
through its agents, servants, and employees, knew or should have known of the
presence of an unreasonably dangerous condition on the stairs where invitees are
expected to walk and travel. Although this previously mentioned dangerous
condition was conspicuous and apparent and/or open and obvious to the company,
its manager, and/or its employees, the condition was not readily observable by the
business invitees of the Park, and the Defendant and/or its employees, servants,
and/or agents knew or should have reasonably known that invitees would not be
able to observe the dangerous condition. By and through its negligence, the
Defendant failed to correct the unreasonably dangerous condition and/or
otherwise give adequate warning of the dangerous condition to its invitees. As a

direct and proximate result of this negligence previously mentioned, the
Defendant breached its duty of care to the Plaintiff, Emma Goins, and its duty to
warn the Plaintiff, Emma Goins, regarding the dangerous condition and/or failed
to otherwise remedy and/or correct the dangerous condition, and the Plaintiff,
Emma Goins, fell on the stairs due to the dangerous condition of the premises. As
a direct and proximate result of the circumstances mentioned above, the Plaintiff,
Emma Goins, suffered the injuries and damages complained of herein.

8. As a direct and proximate result of the Defendant's careless, reckless, negligent,
and/or grossly negligent conduct, the Plaintiff, Emma Goins, has incurred and will
continue to incur in the future the following damages:

   a. Medical, hospital, and other physical care expenses both in the past and to
   be incurred in the future;

   b. Mental and physical pain and suffering by the Plaintiff both in the past and
   to be incurred in the future;

   c. Permanent impairment of the Plaintiff's ability to earn money and/or lost
   wages;

   d. Destruction of the Plaintiff's right and entitlement to enjoyment of the
   Plaintiff's life; and

   e. Risk of future injury.

9. The damages complained of by the Plaintiff exceed the minimum jurisdictional
limits of this Court.

## COUNT II

10. The Plaintiff adopts, incorporates, and reiterates each and every allegation contained in Count I as if set out verbatim herein.

11. The actions and/or inactions of the Defendant, described herein, demonstrated a wanton, willful, grossly negligent, and/or reckless disregard for the rights and safety of the Plaintiff, Emma Goins, and were carried out with a subjective awareness that the conduct could and would result in serious physical injury to the Plaintiff and/or persons similarly situated. The Defendant ratified the previously mentioned conduct of its employee(s), servant(s) and/or agent(s) by actions/inactions. As a result, the Plaintiff, Emma Goins is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Emma Goins, respectfully demands judgment against the Defendant as follows.

1. Judgment against the Defendant in such an amount as will fairly and reasonably compensate the Plaintiff for the injuries and damages sustained by her and from which the Plaintiff will continue to suffer in the future;

2. For costs herein expended, including a reasonable attorney's fee;

3. Punitive damages;

4. Pre-judgment and post-judgment interest;

5. For a trial by jury; and

6. For any and all other relief to which the Plaintiff may appear entitled.

/s/ Wm. Jacob Roberts
WM JACOB ROBERTS
ATTORNEY AT LAW
116 LAWYER ST., STE. 2

MANCHESTER, KY 40962
TELEPHONE (606) 599-0222
ATTORNEY FOR PLAINTIFF

# Exhibit 2

## COMMONWEALTH OF KENTUCKY
### 33RD JUDICIAL CIRCUIT
### PERRY CIRCUIT COURT
### CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                                        **PLAINTIFF**

v.

**ADECCO USA, INC.**                                                  **DEFENDANT**

### DEFENDANT ADECCO USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Adecco USA Inc. (hereinafter "Defendant") states for its Answer to Plaintiff's

Complaint as follows:

1.       Defendant is without knowledge sufficient to form a belief as to the truth or veracity

of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies same for

want of knowledge.

2.       Defendant admits the allegations in paragraph 2 of the complaint that Defendant is a

foreign corporation duly authorized to do business in the Commonwealth of Kentucky, and further

admits the allegations that Defendant's registered agent for service of process is CT Corporation

System, 306 West Main St. Suite 512, Frankfort, KY 40601, but denies the remaining allegations in

paragraph 2 of the complaint for want knowledge.

3.       Defendant is without knowledge sufficient to form a belief as to the truth or veracity

of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, denies same for

want of knowledge.

4.       Defendant is without knowledge sufficient to form a belief as to the truth or veracity

of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies same for

want of knowledge.

6449008A-8202-4F75-B1C3-06CE899A00A8 : 000001 of 000006

ANS : 000001 of 030005

5.      Defendant is without knowledge sufficient to form a belief as to the truth or veracity

of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies same for

want of knowledge.

6.      Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without knowledge sufficient to form a belief as to the truth or veracity of

the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies same for want of

knowledge.

10.     Defendant re-alleges paragraphs 1-9 of this Answer in response to paragraph 10 of

Plaintiff's Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred in whole or in part by the applicable statute of

limitations.

2.      Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be

granted.

3.      Plaintiff has failed to join all necessary and indispensable parties including those

with subrogation interests for having paid medical bills, for just adjudication.

4.      Plaintiff has failed to obtain service and/or service of process.

5.      Venue is improper.

6.    Plaintiff's injuries and damages, if any, which injuries and damages are specifically denied, were caused by persons, firms, corporations or entities over whom this answering Defendant had and/or could have had no control.

7.    Plaintiff's injuries and damages, if any, which injuries and damages are specifically denied, were caused or contributed to by Plaintiff's own contributory and/or comparative negligence.

8.    Defendants state and allege that if Plaintiff suffered injuries or damages as described and set forth in the Complaint, those injuries or damages were caused or brought about by acts or omissions of others, and those acts or omissions are the sole or contributing causes of any injuries to Plaintiff, and require an apportionment of fault pursuant to KRS 411.182.

9.    Plaintiff expressly and/or impliedly assumed the risk of injuries and damages, if any, which injuries and damages are specifically denied, by the manner and nature of Plaintiff's conduct.

10.   While denying this answering Defendant was negligent in any manner whatsoever, this answering Defendant may be entitled to statutory set-off of damages or limitation of damages.

11.   This Court lacks personal and subject matter jurisdiction.

12.   The damages sought by Plaintiff is attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

13.   Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches or by the applicable statute of limitations.

14.   Defendant affirmatively alleges, in the alternative, that Plaintiff lacks a reasonable good faith basis to bring this claim, thereby entitling it to an award of attorney's fees and costs.

15.   Plaintiff's alleged injuries were caused by an open and obvious condition.

16.     Defendant states that the special damages of Plaintiff are not specifically stated in the

Complaint as required by Kentucky Civil Rule 9.06.

17.     Defendant states affirmatively that it is entitled to recreational user immunity.

18.     Defendant reserves the right to assert additional affirmative defenses as they become

known during the course of discovery.

19.     Defendant denies any and all additional allegations of the Complaint not specifically

admitted herein.

**WHEREFORE**, Defendant Adecco USA, Inc. respectfully requests that Plaintiff's Complaint

be dismissed with prejudice, for the costs expended herein including reasonable attorneys' fees, for trial

by jury, and for any and all other relief to which Defendant may be entitled.

Respectfully Submitted,

/s/ Craig M. Schneider
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorney for Defendant Adecco USA, Inc.*

## JURY DEMAND

Defendant Adecco USA, Inc. requests a trial by jury on all issues raised in Plaintiff's Complaint.

/s/ Craig M. Schneider
Craig M. Schneider (92345)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent this 22nd day of January, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ Craig M. Schneider
Craig M. Schneider(92345)

8449008A-8202-4F75-B1C3-06CB999A00A8 : 000005 of 000006

ANS : 000005 of 000005

 **Commonwealth of Kentucky**

**Charles Ira Patterson, Perry Circuit Clerk**

| Case #: 18-CI-00449 | Envelope #: 1424019 | |
|---|---|---|
| Received From: CRAIG SCHNEIDER | Account Of: CRAIG SCHNEIDER | |
| Case Title: GOINS, EMMA VS. ADECCO USA, INC. | Confirmation Number: 86885948 | |
| Filed On: 1/22/2019 11:28:31AM | | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Charges For Services(Jury Demand / 12) | $70.00 |
| | TOTAL: | $70.00 |

Generated: 1/22/2019

Page 1 of 1

# Exhibit 3

## COMMONWEALTH OF KENTUCKY
### 33RD JUDICIAL CIRCUIT
### PERRY CIRCUIT COURT
### CIVIL ACTION NO. 18-CI-00449

**EMMA GOINS**                                                    **PLAINTIFF**

v.

**ADECCO USA, INC.**                                            **DEFENDANT**

## PLAINTIFF'S ANSWERS TO FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Comes the Plaintiff, Emma Goins, by counsel, and pursuant to the Kentucky Rules of Civil

Procedure propounds the following answers to the Defendant's First Set of Requests for Admission,

Interrogatories, and Requests for Production of Documents.

## REQUESTS FOR ADMISSION

1.    Please admit the amounts sought as total damages herein exceed the sum of $75,000.00,

exclusive of costs and interest.

**ANSWER:**    Admit.

## INTERROGATORIES

1.    State your full name, and any other names that you have ever been known by, your address,

your year of birth, and the last four digits of your social security number.

**ANSWER:**

Name:          Emma Evelyn Goins

Address:       3115 Beech Creek Rd., Manchester, KY 40962

SSN (last 4 digits):          0132

1

2. State the mailing address for each place at which you have resided during the last ten (10) years, and for each residence so listed, state the inclusive dates of such residence.

**ANSWER:** 3115 Beech Creek Rd., Manchester, KY 40962. The Plaintiff has resided at the address previously given for the last ten (10) years.

3. State your marital status. If you are married, state the date of the marriage and your spouse's name. If you have been previously married, state the names and present addresses of each of your former spouses.

**ANSWER:** The, Plaintiff, Emma Goins, is widowed. The Plaintiff was married to Tommy J. Goins from August 18, 1954, until her spouse's death on June 7, 2005. Tommy J. Goins' last known address, before his death, was 3115 Beech Creek Rd., Manchester, KY 40962.

4. With regard to your educational background, state the name and address of each school or vocational institute attended by you, the inclusive dates of attendance, the diploma, degree or certificate earned, and a general description of the course of study.

**ANSWER:** The Plaintiff attended Clay County High School in Manchester, Kentucky, graduating in 1954 with a high school diploma.

5. If you were examined or treated by a physician or chiropractor or were hospitalized (including emergency room visits) during the ten (10) years prior to the incident, then state the name and address of the hospital, the name and address of the physician or chiropractor, the dates of each

2

hospitalization and treatment by a physician or chiropractor and the reason for each hospitalization or treatment along with the name and addresses of any pharmacy used to fill prescriptions.

**ANSWER:** As to the Plaintiff's medical history preceding the incident at issue, the Plaintiff objects and states that, although she cannot recall specific treatment providers, facilities, dates, reasons, or diagnoses, her medical history preceding the incident at issue involves only outpatient procedures for routine checkups and things of a similar nature. The Plaintiff reserves the right to supplement this answer.

6.     State the name and address of every physician or hospital that has rendered medical treatment to you since the incident and state the dates of such treatment and the reason for such treatment along with the name and addresses of any pharmacy used to fill prescriptions.

**ANSWER:** The names, addresses, dates of treatment, and reasons for treatment are contained on the relevant medical records for the Plaintiff's post-incident medical care. The Plaintiff has no objection to providing these records to defense counsel. If the terms can be met as contained in the Plaintiff's response to the second request for production of documents, the Plaintiff will tender a signed medical authorization. If the previously mentioned terms cannot be met, the Plaintiff will tender the records to defense counsel.

7.     Describe in detail each injury and symptom which you claim to be the result of the incident and state the name and address of every physician or hospital who has rendered medical treatment to you for such injuries or symptoms.

**ANSWER:** Details of each injury and symptom claimed to be a result of the incident in question, along with the name and address of every physician or hospital who has rendered medical treatment to

3

the Plaintiff for those injuries or symptoms are contained on the relevant medical records for the Plaintiff's post-incident medical care. See the above answer to interrogatory 7. The Plaintiff will supplement this answer upon reaching or failing to reach an agreement with defense counsel concerning the medical authorization.

8. Will you execute and return the medical authorization attached hereto which will allow the undersigned counsel for Defendant to obtain copies of your medical records from the physicians and hospitals who have rendered treatment to you?

**ANSWER:** The Plaintiff states that no attached medical authorization was included with defense counsel's mailed or e-mailed discovery requests.

9. If you have been involved in any accident or incident, other than the subject incident, then with regard to each accident or incident, state the date, place and a description of the accident or incident, and describe the injuries, if any, sustained by you and provide a copy of the accident or incident report.

**ANSWER:** The Plaintiff has not been involved in an accident other than the one which is the subject matter of this litigation.

10. If you have filed any lawsuits or otherwise made any claim (including claims settled prior to litigation), for personal injury, accident or illness, other than this lawsuit, then with regard to each such lawsuit or claim, state the name and address of the person against whom the claim was made, the name and address of the insurance company, if any, which adjusted said claim, the name and address of the court or administrative body in which the claim was filed and the action number, the date the claim was filed, a description of the basis of the claim, and the disposition of the claim.

4

**ANSWER:** The Plaintiff has not filed any lawsuits or otherwise made any claims for personal injury, accident, or illness, other than this lawsuit.

11. If you have lost any income from employment as a result of the incident, list the inclusive dates of each period of employment which you have lost, and the total amount of income lost.

**ANSWER:** The Plaintiff, as part of her volunteer work, receives a stipend for expenses incurred. For three (3) months following the incident that is the subject of this litigation, the Plaintiff did not receive this stipend. The amount of the stipend varies monthly, but a copy of bank statements showing average deposits for the stipend are attached as EXHIBIT A. The Plaintiff reserves the right to supplement this answer.

12. If you have been reimbursed by any person or organization for all or part of your lost income, state the name and address of the person or organization reimbursing you for lost income, and state the total amount which has been reimbursed to you.

**ANSWER:** The Plaintiff has not been reimbursed for the lost income claimed in this case.

13. State the names, addresses and telephone numbers of all persons known to you, your agents or attorney who saw, heard or have any knowledge of the incident, and indicate those persons from whom you have taken an oral or written statement.

**ANSWER:**

- Ann Kingsolver; 705 Old Dobbin Rd, Lexington, KY 40502; (859) 554-5698

- Kelly Evans; 555 Sycamore Ridge Rd., Manchester, KY 40962; (606) 599-6676

The Plaintiff reserves the right to supplement this answer upon further discovery.

5

14.     Identify by name and address each person whom you expect to call as an expert witness at the trial of this action, and with regard to each such person, state the expert's qualifications, the subject matter on which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER:**     The Plaintiff will supplement this answer upon a determination as to expert witnesses she intends to call at trial, and the Plaintiff will comply with all pretrial orders.

15.     State the amount claimed by you in this action for each separate element of unliquidated damages, including, but not limited to: (a) past medical expenses; (b) future medical expenses; (c) past pain and suffering; (d) future pain and suffering; (e) lost wages, and (f) impairment of your ability to earn money in the future.

**ANSWER:**     The Plaintiff reserves the right to supplement this answer and will supplement this answer as discovery and opinions progress regarding future medical expenses, pain and suffering, and impairment of the Plaintiff's ability to earn money in the future. As to past medical expenses, the relevant medical bills obtained by the Plaintiff so far reflect expenses of $84,873.52. The Plaintiff reserves the right to supplement this answer.

16.     If any of the above-listed items of expense have been paid by any source other than yourself, or you have been reimbursed for any such expenses, state the name and address of the person or organization which paid or reimbursed said expenses, and state which of the expenses has been paid or reimbursed.

6

**ANSWER:** Objection to the extent that this interrogatory calls for collateral source information that is unlikely to lead to admissible information.

17. Please state whether you have ever applied for, received or been denied Social Security disability for any reason, and if so, please provide the date of such application, the nature of the claimed disability and the current status, and provide copies of any forms and/or documents received or prepared in support of that process.

**ANSWER:** The Plaintiff has never applied for, received, or been denied Social Security disability.

18. Did you own a cell phone on the day of the incident that is the subject matter of this litigation? If yes, provide the following information:

(a) the name of your service provider; (b) your phone number; (c) the person whose name appears on the account and/or billing statements; and, (d) whether or not you were using the cell phone when the incident occurred.

**ANSWER:** The Plaintiff owned a cellphone on the day of the incident that is the subject matter of this litigation.

(a) To the best of her belief, the Plaintiff's phone is through Tracfone;

(b) (606) 594-8624;

(c) Emma Goins is the person who bought the phone, and she is unsure if there is an account associated with her phone. The Plaintiff does not receive a bill, as her cellphone is prepaid; and

(d) The Plaintiff was not using her cellphone at the time of the incident.

7

19.     Will you execute and return the employment authorization attached hereto which will allow the undersigned counsel for Defendant to obtain copies of your employment records?

**ANSWER:**     The Plaintiff states that no attached authorization for employment records was included with defense counsel's mailed or e-mailed discovery requests.

20.     Were any expenses you are relating to the incident paid by Medicare or Medicaid? If so, please identify which of the expenses were paid by Medicare or Medicaid and provide clear and legible copies of any documents in your possession from Medicare or Medicaid in which Medicare or Medicaid is asserting a lien on any recovery associated with the claims in this lawsuit.

**ANSWER:**     Objection to the extent that this request calls for collateral source information unlikely to lead to the discovery of admissible information.

21.     Please describe in detail your version of how the incident occurred.

**ANSWER:**     Objection. This interrogatory constitutes a contentious interrogatory in that it requires the Plaintiff to state each and every fact related to a claim or defense. Interrogatories should not require the Plaintiff to provide a narrative of its case.

Without waiving the previously asserted objection, the Plaintiff states that as she exited the Buckhorn Lake State Resort Park, an unreasonably dangerous condition existed on the stairs for entry and exit to the main lodge and caused her fall. The Plaintiff reserves the right to supplement this answer as discovery proceeds.

22.     Please describe the "unreasonably dangerous condition" identified in paragraph 6 of the Complaint.

8

**ANSWER:**  Objection. This interrogatory constitutes a contentious interrogatory in that it requires the Plaintiff to state each and every fact related to a claim or defense. Interrogatories should not require the Plaintiff to provide a narrative of its case.

Without waving the previously asserted objection, the Plaintiff states as follows. At the time and place mentioned above, the Defendant, Adecco USA, Inc., by and through its agents, servants, and employees, knew or should have known of the presence of an unreasonably dangerous condition on the stairs where invitees are expected to walk and travel. Although this previously mentioned dangerous condition was conspicuous and apparent and/or open and obvious to the company, its manager, and/or its employees, the condition was not readily observable by the business invitees of the Park, and the Defendant and/or its employees, servants, and/or agents knew or should have reasonably known that invitees would not be able to observe the dangerous condition. By and through its negligence, the Defendant failed to correct the unreasonably dangerous condition and/or otherwise give adequate warning of the dangerous condition to its invitees. As a direct and proximate result of this negligence previously mentioned, the Defendant breached its duty of care to the Plaintiff, Emma Goins, and its duty to warn the Plaintiff, Emma Goins, regarding the dangerous condition and/or failed to otherwise remedy and/or correct the dangerous condition, and the Plaintiff, Emma Goins, fell on the stairs due to the dangerous condition of the premises. As a direct and proximate result of the circumstances mentioned above, the Plaintiff, Emma Goins, suffered the injuries and damages complained of herein.

The Plaintiff reserves the right to supplement this answer as discovery proceeds.

23.  State exactly what part of your body, if any, is currently experiencing pain as a result of the incident and what, if any, medical treatment you are currently receiving relating to this pain.

9

**ANSWER:**   Presently, the Plaintiff experiences tailbone pain, along with redness, tingling paresthesia, and discomfort about her feet. The Plaintiff reserves the right to supplement this answer.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce copies of your federal and state income tax returns (with all attachments thereto) for the past five (5) years.

**RESPONSE:** Objection to the extent that this request is overly broad and unduly burdensome. Exhibit A contains a copy of bank statements showing average deposits for a stipend the Plaintiff received while tutoring and did not receive for three (3) months while injured. The Plaintiff reserves the right to supplement this answer.

2.     Please produce copies of all medical records or medical reports, in the possession of you or your attorney, concerning any and all medical treatment rendered to you, both before and after the incident.

**RESPONSE:** Upon agreement, the Plaintiff will execute a medical authorization authorizing defense counsel to obtain her medical records from the facilities where she has been treated for injuries related to the accident that is the subject of this litigation. As a condition of the medical authorization, defense counsel must agree to send, free of charge, any and all records obtained to the Plaintiff's counsel. Additionally, defense counsel must agree that the signed authorization does not authorize direct contact with the Plaintiff's medical providers to discuss the Plaintiff's medical care. If the parties are unable to come to an agreement, the Plaintiff will tender copies of relevant medical records to defense counsel.

The Plaintiff reserves the right to supplement this answer.

10

3.     Please produce copies of all medical bills or other documentary evidence that you have in support of your Answer to Interrogatory 15, regarding each item and amount of medical expenses you are claiming as a result of this incident.

**RESPONSE:** Please see the Plaintiff's response to the second request for the production of documents above.

4.     Please produce copies of all documentary evidence that you have in support of your Answer to Interrogatory No. 16, regarding any expenses being paid by any other source other than yourself. **RESPONSE:** Objection to the extent that this interrogatory calls for collateral source information that is unlikely to lead to admissible information. The Plaintiff reserves the right to supplement this answer.

5.     Please produce copies of all documentary evidence that you have in support of your Answer to Interrogatory No. 11, with regard to lost wages from the incident.

**RESPONSE:** Exhibit A contains a copy of bank statements showing average deposits for a stipend the Plaintiff received while tutoring and did not receive for three (3) months while injured. The Plaintiff reserves the right to supplement this answer.

6.     Please produce a copy of all photographs and videotapes of the scene of the incident, including any photographs of any injury and/or investigation.

**RESPONSE:** Objection to the extent that this request calls for privileged attorney work product, privileged attorney-client information, and photographs otherwise privileged. The Plaintiff reserves the right to supplement this answer.

11

7. Please produce all documents, which pertain, refer or relate to or contain written reports, statements, or opinion letters made by any expert which you or your counsel has corresponded or conferred with.

**RESPONSE:** Objection to the extent that this request calls for privileged attorney work product, privileged attorney-client information, and photographs otherwise privileged. The Plaintiff reserves the right to supplement this answer.

8. Please produce all documents referenced in response to the above Interrogatories.

**RESPONSE:** See attached. The Plaintiff reserves the right to supplement this answer.

9. Please produce clear and legible copies of each exhibit which you or your attorney intend to offer into evidence at the trial of this lawsuit.

**RESPONSE:** The Plaintiff will comply with all pretrial orders regarding the production of exhibits. The Plaintiff reserves the right to supplement this answer.

10. If your Answer to Request for Admission No. 1 is anything but an unequivocal "Admit," please produce clear and legible copies of all documents you believe support the admission denied or not completely admitted.

**RESPONSE:** See Plaintiff's answer to the referenced admission.

11. Please produce clear and legible copies of all documents supporting your allegations of the existence of the "unreasonably dangerous condition" identified in paragraph 6 of the Complaint.

12

**RESPONSE:** Objection to the extent that this request calls for privileged attorney work product, privileged attorney-client information, and documents otherwise privileged. The Plaintiff reserves the right to supplement this answer.

12. Please produce clear and legible copies of all documents supporting your allegations in paragraph 3 of the Complaint that Defendant Adecco USA, Inc. "was/is contracted by the Commonwealth of Kentucky to provide temporary manpower services, including maintenance, for the Department of Parks."

**RESPONSE:** Objection to the extent that this request calls for privileged attorney work product, privileged attorney-client information, and documents otherwise privileged. The Plaintiff reserves the right to supplement this answer. Without waiving the previously asserted objection, contracts entered into with the Commonwealth of Kentucky are public records obtainable online at www.transparency.ky.gov. The Plaintiff reserves the right to supplement this answer.

13. Please produce clear and legible copies of any documents which identify or relate to any costs you personally incurred while a "business invitee" of the Buckhorn Lake State Park as identified in paragraph 3 of the Complaint.

**RESPONSE:** Objection to the extent that this request calls for privileged attorney work product, privileged attorney-client information, and documents otherwise privileged. The Plaintiff reserves the right to supplement this answer.

13

Case: 6:19-cv-00133-GFVT Doc #: 1-1 Filed: 05/30/19 Page: 28 of 76 - Page ID#: 32

## VERIFICATION

The Plaintiff, Emma Goins, states that she has read the foregoing and that the statements contained therein are true and correct to the best of her knowledge and belief.

*Emma Goins*

EMMA GOINS
*Plaintiff*

COMMONWEALTH OF KENTUCKY
COUNTY OF CLAY

The foregoing instrument was acknowledged before me this ___ day of _May_ 2019, by Emma Goins, with whom I am personally acquainted, to be her free act and deed.

Notary Public, State at Large

My Commission Expires _10 - 22 - 22_

Respectfully submitted,

WM. JACOB ROBERTS
ATTORNEY AT LAW
116 LAWYER ST., STE. 2
MANCHESTER, KY 40962
TELEPHONE (606) 599-0222
FAX          (606) 596-0224
wmjacobroberts1991@gmail.com
*Counsel for Plaintiff*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document and exhibits were mailed to the party listed below via First-Class U.S. Mail on May 2, 2019.

Hon. Craig M. Schneider
Lewis Brisbois Bisgaard & Smith LLP
909 Wright's Summit Pkwy., Ste. 230
Ft. Wright, KY 41011

WM. JACOB ROBERTS
*Counsel for Plaintiff*

15

# EXHIBIT
# A

**FIRST NATIONAL BANK OF MANCHESTER**
120 TOWN SQUARE • MANCHESTER, KENTUCKY 40962
Phone (606) 598-6111 • Fax (606) 598-1451
Telephone Banking • 598-0794
www.fnb-manchester.com • MEMBER FDIC

11      EMMA GOINS
        3115 BEECH CREEK RD
        MANCHESTER KY   40962

SEE DISCLOSURES ON BACK

PRIMARY ACCT:                          STATEMENT PERIOD:  06/12/2017 - 07/10/2017
========================================================================
MASTER CLUB

        CALL OR VISIT ONE OF OUR BRANCH LOCATIONS AND TELL US
        HOW WE CAN BETTER SERVE YOU.
        PHONE 606-598-6111
        THANK YOU FOR YOUR BUSINESS!

            -- DEPOSITS AND MISCELLANEOUS TRANSACTIONS --

            -- SUMMARY OF ELECTRONIC TRANSACTIONS --

DATE    AMOUNT  DESCRIPTION

06/19   310.05+ ACH CREDIT
                SAVE THE CHILDRE [CCD] AP

**FIRST NATIONAL BANK**
**OF MANCHESTER**
120 TOWN SQUARE • MANCHESTER, KENTUCKY 40962
Phone (606) 598-6111 • Fax (606) 598-1451
Telephone Banking • 599-0734
www.fnb-manchester.com • MEMBER FDIC

9     EMMA GOINS
      3115 BEECH CREEK RI
      MANCHESTER KY   4096:

SEE DISCLOSURES ON BACK

PRIMARY ACCT:                          STATEMENT PERIOD:   07/11/2017 - 08/10/2017
=====================================================================================
MASTER CLUB
-------------------------------------------------------------------------------------

          CALL OR VISIT ONE OF OUR BRANCH LOCATIONS AND TELL US
          HOW WE CAN BETTER SERVE YOU.
          PHONE 606-598-6111
          THANK YOU FOR YOUR BUSINESS!

                -- DEPOSITS AND MISCELLANEOUS TRANSACTIONS --

          SUMMARY OF ELECTRONIC TRANSACTIONS --

DATE      AMOUNT    DESCRIPTION
07/14     675.40+   ACH CREDIT
                    SAVE THE CHILDRE [CCD] AP

Any dispute regarding this statement or any amounts due must be submitted in writing t:
···· Box 19000. Belfast, ME 04915-4085
...mitting payment in an amount less than the total on this statement shall not constitute an offer to settle any dispute, regardless of any accompanying communication.



**FIRST NATIONAL BANK**
**OF MANCHESTER**
120 TOWN SQUARE • MANCHESTER, KENTUCKY 40962
Phone (606) 598-6111 • Fax (606) 598-1461
Telephone Banking • 599-0734
www.fnb-manchester.com • MEMBER FDIC

14     EMMA GOINS
3115 BEECH CREEK RD
MANCHESTER KY   40962

SEE DISCLOSURES ON BACK

PRIMARY ACCT:                        STATEMENT PERIOD:   10/11/2017 - 11/12/2017
=======================================================================================
MASTER CLUB

CALL OR VISIT ONE OF OUR BRANCH LOCATIONS AND TELL US
HOW WE CAN BETTER SERVE YOU.
PHONE 606-598-6111
THANK YOU FOR YOUR BUSINESS!

-- DEPOSITS AND MISCELLANEOUS TRANSACTIONS --

-- SUMMARY OF ELECTRONIC TRANSACTIONS --

DATE      AMOUNT    DESCRIPTION
10/13      354.90+ ACH CREDIT
                  SAVE THE CHILDRE [CCD] AP

# Exhibit 4

Filed          18-CI-00449    01/07/2019          Charles Ira Patterson, Perry Circuit Clerk NAL DOCUMENT
                                                                        01/16/2019 11:52:47 AM
                                                                        89578

## COMMONWEALTH OF KENTUCKY
### 33RD JUDICIAL CIRCUIT
### PERRY CIRCUIT COURT
### CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                        **PLAINTIFF**

v.

**ADECCO USA, INC.**                                  **DEFENDANT**

## MOTION AND AFFIDAVIT
## FOR DEFAULT JUDGMENT

Comes now the Plaintiff, Emma Goins, by and through counsel, and moves this

Court, pursuant to CR 55 and any other applicable rules/law, for an order of default

judgment against the Defendant, Adecco USA, INC. In support of this Motion the

undersigned attorney hereby certifies as follows.

1. The Defendant. ADECCO USA, INC., was served via certified mail to its
   registered agent. CT Corporation System. on October 30, 2018.

2. The Defendant. ADECCO USA, INC., being required to appear. plead, or
   otherwise defend this action has failed to do so. No papers have been
   served on the undersigned attorney by the party in default. ADECCO
   USA, INC.. or by any person on behalf of the Defendant.

3. The Defendant, ADECCO USA, INC., is a corporation and is not a
   member of the Armed Forces of the United States of America or under
   any legal disability.

DEF : 000001 of 000003

WHEREFORE, the Plaintiff, Emma Goins, by and through counsel, demands a

judgment against the Defendant, ADECCO USA, INC., pursuant to the demands of the

Complaint and for any and all other relief which the Court may deem appropriate.

Dated this the 7th day of January 2019.

Respectfully submitted,

WM. JACOB ROBERTS
ATTORNEY AT LAW
116 LAWYER ST., STE. 2
MANCHESTER, KY 40962
TELEPHONE (606) 599-0222
FAX          (606) 596-0224
EMAIL wmjacobroberts1991@gmail.com
ATTORNEY FOR PLAINTIFF

COMMONWEALTH OF KENTUCKY
COUNTY OF CLAY

Subscribed, sworn, and acknowledged before me by Wm. Jacob Roberts, counsel
for Plaintiff, Emma Goins, this the 7th day of January 2019.

Notary Public, State at Large

My commission expires _10 - 22 - 22_

DEF : 000002 of 000003

Filed          18-CI-00449      01/07/2019      Charles Ira Patterson, Perry Circuit Clerk    NOT ORIGINAL DOCUMEN

01/16/2019 11:52:47 AM

89578

## NOTICE

Please take notice that the foregoing will be set for a hearing before this Court on Friday, January 25, 2019, at 9:00 a.m. in the Perry Circuit Courtroom in the Perry County Hall of Justice in Hazard, Kentucky, or as soon thereafter as counsel may be heard.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was sent to the party listed below via First-Class U.S. Mail on January 7, 2019.

CT Corporation System
306 W. Main St., Ste. 512
Frankfort, KY 40601
*Registered Agent for Defendant,*
*Adecco USA, INC.*

WM. JACOB ROBERTS

DEF : 000003 of 000003

# Exhibit 5

## COMMONWEALTH OF KENTUCKY
### 33RD JUDICIAL CIRCUIT
### PERRY CIRCUIT COURT
### CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                              **PLAINTIFF**

v.

**ADECCO USA, INC.**                                        **DEFENDANT**

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER

Defendant Adecco USA, Inc. ("Defendant"), by and through counsel, moves this Court for an Order permitting it an enlargement of time in which to answer and/or otherwise respond to the claims asserted against it by the Plaintiff, Emma Goins (hereinafter referred to as "Plaintiff"), in this matter. Defendant states this motion is made in good faith and not for the purpose of harassment or delay. Defendant is requesting an additional 20 days within which to file their Answer to Plaintiff's Complaint.

Kentucky law recognizes the Court has broad discretion in granting a defendant an enlargement of time to file an answer to a complaint. *See Moffitt v. Asher,* 302 S.W.2d 102, 103 (Ky. 1957). In this case, Counsel for Defendant only received the case on Wednesday, January 16, 2019.

WHEREFORE, Defendant, Adecco USA, Inc. respectfully requests the Court enter the attached Order granting an extension of time to Answer or otherwise respond to the Complaint.

Respectfully Submitted,

/s/ Craig M. Schneider
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorneys for Defendant Adecco USA, Inc.*

## NOTICE

This motion will be heard before on Friday, January 25, 2019 at 9:00 a.m. or as soon thereafter as counsel may be heard.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent via regular U.S. mail and e-mail

this 22nd day of January, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ Craig M. Schneider
Craig M. Schneider (92345)

AFCC3D7A-6A9E-4719-AA4C-E45F02906EBE : 000002 of 000004

EOT : 000002 of 000002

AFCC3D7A-6A9E-4719-AA4C-E45F02906EBE : 000003 of 000004

## COMMONWEALTH OF KENTUCKY
## 33RD JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-00449

**EMMA GOINS**                                        **PLAINTIFF**

**v.**

**ADECCO USA, INC.**                                  **DEFENDANT**

### ORDER GRANTING DEFENDANT'S MOTION FOR
### ENLARGEMENT OF TIME TO FILE ANSWER

This matter having come before the Court on the Motion of Defendant Adecco USA, Inc.

("Defendant"), for an additional 20 days to answer or otherwise respond to the Complaint, and the

Court being in all ways sufficiently advised;

IT IS HEREBY ORDERED that the Motion for Enlargement of Time is GRANTED. The

answer or responsive pleading of Defendant shall be due on or before February _____, 2019.

ENTERED this ___ day of _____, 2019.

_____
HON. ALISON C. WELLS

TD : 000001 of 000002

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent regular U.S. mail this ___ day of _____, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
*Attorney for Plaintiff*

Judd Uhl
Craig M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
*Attorney for Defendant Adecco USA, Inc.*

Clerk/Deputy Clerk

# Exhibit 6

## COMMONWEALTH OF KENTUCKY
## 33RD JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                         **PLAINTIFF**

v.

**ADECCO USA, INC.**                                   **DEFENDANT**

### NOTICE OF APPEARANCE

Now come Judd R. Uhl and Craig M. Schneider with the law firm of Lewis Brisbois Bisgaard &

Smith LLP and hereby give notice of their appearance as counsel of record for Defendant, Adecco

USA, Inc.

Respectfully Submitted,

/s/ Craig M. Schneider
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorneys for Defendant Adecco USA, Inc.*

3034DF8B-66D8-4F89-9E0C-2ACF3C5DBA85 : 000001 : 000001 of 000002

EA : 000001 of 000002

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent via email and regular U.S. mail

this 22nd day of January, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ Craig M. Schneider
Craig M. Schneider (92345)

# Exhibit 7

## COMMONWEALTH OF KENTUCKY
## 33RD JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                                         **PLAINTIFF**

v.

**ADECCO USA, INC.**                                                   **DEFENDANT**

## RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Comes now the Defendant, Adecco USA Inc. by and through its undersigned counsel, and for its Response to Plaintiff's Motion for Default Judgment, states as follows:

Adecco USA Inc. is a foreign corporation authorized to conduct business in the Commonwealth of Kentucky and has a statutory process agent located in Frankfort, Kentucky. As is often the case with foreign corporations, when an in-state statutory agent is served with a Complaint, it takes time for that Complaint to make its way through the proper channels and to eventually be assigned to defense counsel. In this case, this matter was not assigned to defense counsel until January 16, 2019.

In Kentucky, Default Judgments are disfavored. *see, e.g., Asset Acceptance, LLC v. Moberly,* 241 S.W.3d 329 (Ky. 2007), *Educator & Executive Insurers, Inc. v. Moore,* 505 S.W.2d 176 (Ky. 1974). "Permission to plead after the allotted time is a matter within the discretion of the trial judge. " *Moffitt v. Asher,* 302 S.W.2d 102, 103 (Ky. 1957). Under CR 6.02, the court may, upon motion, permit a party to answer after the specified time period has expired when the failure to answer was the result of excusable neglect. Excusable neglect is the failure to take the proper steps at the proper time, not because of the party's own carelessness, inattention, or willful disregard of

the process of the court, but because of some unexpected or unavoidable hindrance or accident. *Spradling v. Boone County Planning Com.*, 461 S.W.2d 548, 550 (Ky. 1970).

Here, once the Complaint was received, Adecco USA, Inc. through counsel promptly filed an Entry of Appearance, an Answer to the Complaint, and a Motion for Leave to File an Answer Out of Time. Undersigned counsel also requested Plaintiff's counsel withdraw the Motion for Default Judgment. There has been no bad faith delay in these proceedings by Adecco USA, Inc. and Adccco USA Inc. fully intends to defend itself in this litigation. Plaintiff has not been prejudiced in any way by any claims of delays in the litigation.

Wherefore, for the foregoing reasons, Adecco USA, Inc. respectfully requests Plaintiff's Motion for Default Judgment is summarily overruled.

Respectfully Submitted,

/s/ Craig M. Schneider
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorney for Defendant Adecco USA, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was sent this 23rd day of January, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ Craig M. Schneider
Craig M. Schneider (92345)

06D4208D-34DE-4691-8842-3E0CD0712SC7 : 000003 of 000003

RES : 000003 of 000003

# Exhibit 8

Case: 6:19-cv-00133-GFVT Doc #: 1-1 Filed: 05/30/19 Page: 51 of 76 - Page ID#: 55

TENDERED

ENTERED SUMMONS

FILED
COST PAID
DATE
CHARLES IRA PATTERSON, DISTRICT CLERK
PERRY CIRCUIT
BY:

**COMMONWEALTH OF KENTUCKY**
**33RD JUDICIAL CIRCUIT**
**PERRY CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00449**

### EMMA GOINS                                      **PLAINTIFF**

v.

### ADECCO USA, INC.                                **DEFENDANT**

### ORDER GRANTING DEFENDANT'S MOTION FOR
### ENLARGEMENT OF TIME TO FILE ANSWER

This matter having come before the Court on the Motion of Defendant Adecco USA, Inc.

("Defendant"), for an additional 20 days to answer or otherwise respond to the Complaint, and the

Court being in all ways sufficiently advised;

IT IS HEREBY ORDERED that the Motion for Enlargement of Time is GRANTED. The

answer or responsive pleading of Defendant shall be due on or before February ___6___, 2019.

ENTERED this 29th day of January, 2019.

HON. ALISON C. WELLS

TD : 000001 of 000002

## CLERK'S CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was sent regular U.S. mail this $\underline{31}$ day of _____ . 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
*Attorney for Plaintiff*

Judd Uhl
Craig M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
*Attorney for Defendant Adecco USA, Inc.*

_____
Clerk/Deputy Clerk

# Exhibit 9

## COMMONWEALTH OF KENTUCKY
## 33ᴿᴰ JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                                                    **PLAINTIFF**

v.

**ADECCO USA, INC.**                                                            **DEFENDANT**

### NOTICE OF HEARING

Please take notice that the following Motion to Dismiss shall be heard on March 22, 2019 at
9:00 a.m. or soon thereafter as counsel may be heard.

### DEFENDANT'S MOTION TO DISMISS

When a trial court is presented with a Ky. CR 12.02 Motion to Dismiss, the Court must take
every well-pleaded allegation of the Complaint as true and construe it in the light most favorable to the
opposing party. *Gall v. Scroggy*, 725 S.W.2d 867 (Ky. App. 1987). As such, "[t]he Court should not
grant the Motion unless it appears the pleading party would not be entitled to relief under any set of
facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union of Kentucky, Local
541, SEIU, AFL–CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

Here, the incident which is the subject matter of Plaintiff's Complaint took place on October 21,
2017. See Complaint, ¶¶ 3, 5. Plaintiff alleges on that date she fell on Defendant's stairs due to
Defendant's negligence and sustained personal injuries. See Complaint, ¶¶ 6, 7. This lawsuit was filed
on October 22, 2018. See Complaint, generally.

An action for personal injuries shall be commenced within one (1) year after the cause of action
accrued. KRS 413.140(1)(a). The Kentucky General Assembly and The Supreme Court of Kentucky
have long recognized the value of statutes which "bar stale claims arising out of transactions or

occurrences which took place in the distant past." *Armstrong v. Logston*, 469 S.W.2d 342, 343 (Ky. 1971). The Legislature's power to enact statutes of limitations governing the time in which a cause of action must be asserted by suit is, of course, unquestioned. *Saylor v. Hall*, 497 S.W.2d 218, 224 (Ky. 1973). Provisions of statutes of limitations should not be lightly evaded. *Fannin v. Lewis*, 254 S.W.2d 479, 481 (Ky. 1952). Numerous decisions demonstrate a firm commitment to enforcement of statutes of limitations. *Munday v. Mayfair Diagnostic Laboratory*, 831 S.W.2d 912, 914 (Ky. 1992).

As previously noted, the cause of action which is the subject matter of this lawsuit occurred on October 21, 2017 but this lawsuit was not filed until October 22, 2018. The applicable statute of limitations expired on October 21, 2018, which was prior to the filing of this lawsuit. Kentucky case law is very clear that statutes of limitations should be strictly enforced and this matter is no exception.

WHEREFORE, for the foregoing reasons, Defendant, Adecco USA Inc. respectfully requests Plaintiff's Complaint be dismissed with prejudice.

Respectfully Submitted,

/s/ *Craig M. Schneider*
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorney for Defendant Adecco USA, Inc.*

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent this 20th day of February, 2019
to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ *Craig M. Schneider*
Craig M. Schneider (92345)

B6B726F9-7E47-4DAB-A11B-6668B82F052F : 000003 of 000005

DIS : 000003 of 000003

## COMMONWEALTH OF KENTUCKY
### 33RD JUDICIAL CIRCUIT
### PERRY CIRCUIT COURT
### CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                        **PLAINTIFF**

**v.**

**ADECCO USA, INC.**                                  **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Upon Motion of the Defendant, Adecco USA Inc., to Dismiss the Complaint based upon the

expiration of the applicable statute of limitations prior to the Complaint being filed, and the Court being

in all ways sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion is SUSTAINED.

Plaintiff's Complaint is dismissed with prejudice. This is a final and appealable Order, there being no

just cause for delay, each party to bear their own costs.

IT IS SO ORDERED  this _____ day of _____, 2019.

_____

HON. ALISON C. WELLS
JUDGE, PERRY CIRCUIT COURT

BBB726F9-7E47-4DAB-A11B-6658B82F052F : 000004 of 000005

TD : 000001 of 000002

## CLERK'S CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing was sent via U.S. Mail, postage prepaid, upon the following on this _____ day of _____, 2019.

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorney for Defendant Adecco USA, Inc.*

CLERK/DEPUTY CLERK
PERRY COUNTY CIRCUIT COURT

# Exhibit 10

## COMMONWEALTH OF KENTUCKY
## 33RD JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

EMMA GOINS                                               PLAINTIFF

v.

ADECCO USA, INC.                                         DEFENDANT

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
### AND MEMORANDUM OF AUTHORITIES

Comes the Plaintiff, Emma Goins, by counsel, and submits as her response to the

Defendant's Motion to Dismiss the following Response with an included Memorandum

of Authorities.

As the Defendant's Motion correctly states, trial courts in the Commonwealth of

Kentucky presented with CR 12.02 motions to dismiss must not grant a motion to dismiss

"unless it appears the pleading party would not be entitled to relief under any set of facts

which could be proved in support of [its] claim." *Pari-Mutuel Clerks' Union of Kentucky,*

*Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

Additionally, the Defendant's Motion is correct that actions for an injury to the person of

the plaintiff shall be commenced within one year after the cause of action accrues. KRS

413.140(1)(a).

The basis of the Defendant's Motion is that the Plaintiff filed its Complaint

October 22, 2018, while the incident complained of occurred October 21, 2017. Def.

Mot. Dismiss, (Feb. 20, 2019). The Defendant's Motion asserts that the Complaint's

A52AFC01-FA07-4189-A13F-479EC32A0E12 : 000001 of 000004

RES : 000001 of 000004

filing occurred after the applicable statute of limitations expired. *Id.* According to the

Defendant's Motion, the limitations period expired October 21, 2018. *Id.*

The Kentucky Rules of Civil Procedure contain guidelines for the computation of

time in civil actions in the Commonwealth. The following rule is used to compute time

pursuant to the Kentucky Rules of Civil Procedure:

> In computing any period of time prescribed or allowed by these rules, by
> order of court, or by any applicable statute, the day of the act, event or
> default after which the designated period of time begins to run is not to be
> included. The last day of the period so computed is to be included, unless
> it is a Saturday, a Sunday or a legal holiday, in which event the period
> runs until the end of the next day which is not a Saturday, a Sunday or a
> legal holiday.

CR 6.01. The rule regarding the computation of time pursuant to the Kentucky Rules of

Civil Procedure, as currently amended, became effective July 1, 1969. *Id.*

Kentucky case law is clear on the manner in which time is calculated pursuant to

the Kentucky Rules of Civil Procedure. In one published opinion, the Supreme Court of

Kentucky dealt with a matter where a statute of limitations period expired on a Saturday.

*Nanny v. Smith,* 260 S.W.3d 815 (Ky. 2008). The Supreme Court of Kentucky,

interpreting CR 6.01, noted, factually: "Because the . . . limitations period was due to

expire Saturday, October 18, 2003, Nanny [the plaintiff] had until Monday, October 20,

2003, to file her action." *Id.* at 816.

The incident on which the Plaintiff's claim is premised took place October 21,

2017. One year from October 21, 2017, as calculated using the Kentucky Rules of Civil

A52AFC01-FA07-4189-A13F-879EC32A0E12 : 000002 of 000004

RES : 000002 of 000004

Procedure, was October 21, 2018, a Sunday. On October 22, 2018, the Plaintiff filed its Complaint. Still, as shown above, the Plaintiff filed the Complaint within the time permitted by KRS 413.140(1)(a), based on October 21, 2018, falling on a Sunday. The day of the week on which October 21, 2018, fell is crucially important in the analysis of the Defendant's Motion to Dismiss and the Plaintiff's Response. As October 21, 2018, fell on a Sunday, the period prescribed by KRS 413.140(1)(a) extended until "the end of the next day which is not a Saturday, a Sunday or a legal holiday." CR 6.01.

The Kentucky Rules of Civil Procedure and Kentucky case law are clear. Since the one year limitations period for this action fell on October 21, 2018, a Sunday, the one year limitations period extended to the next day that was not a Saturday, a Sunday, or a legal holiday. Monday, October 22, 2018, was the next day after the period so computed that was not a Saturday, a Sunday, or a legal holiday. The cases cited by the Defendant in its Motion to Dismiss fail to state anything substantively persuasive regarding the computation of the limitations period in this matter. Def. Mot. Dismiss, (Feb. 20, 2019). The Defendant is not entitled to dismissal under any set of facts contained in its Motion to Dismiss. The Plaintiff filed its Complaint within the applicable statute of limitations.

Wherefore, the Plaintiff respectfully asks that this Court deny the Defendant's Motion to Dismiss.

> Respectfully submitted,
> /s/ **Wm. Jacob Roberts**
> WM. JACOB ROBERTS
> ATTORNEY AT LAW
> 116 LAWYER ST., STE. 2
> MANCHESTER, KY 40962
> TELEPHONE (606) 599-0222
> FAX       (606) 596-0224
> WMJACOBROBERTS1991@GMAIL.COM
> *Attorney for Plaintiff*

A52AFC01-FA07-4189-A13F-879EC32A0E12 : 000003 of 000004

RES : 000003 of 000004

## NOTICE

Please take notice that the foregoing is set for a hearing before this Court on Friday, March 22, 2019, at 9:00 a.m. in the Perry Circuit Courtroom in the Perry County Hall of Justice in Hazard, Kentucky, or as soon thereafter as counsel may be heard.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was mailed to the party listed below via First-Class U.S. Mail and e-mailed on March 20, 2019.

Hon. Craig M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Pkwy. Ste. 230
Ft. Wright, KY 41011
Craig.schneider@lewisbrisbois.com
*Attorney for Defendant, Adecco USA, Inc.*

/s/ **Wm. Jacob Roberts**
WM. JACOB ROBERTS

# Exhibit 11

B7CC3BF4-C9AC-4D43-8F38-1CEC209027DB : 000001 of 000007

## COMMONWEALTH OF KENTUCKY
## 33RD JUDICIAL CIRCUIT
## PERRY CIRCUIT COURT
## CIVIL ACTION NO. 18-CI-00449

*Electronically Filed*

**EMMA GOINS**                                                    **PLAINTIFF**

v.

**ADECCO USA, INC.**                                             **DEFENDANT**

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Comes now the Defendant, Adecco USA, Inc., by and through its undersigned counsel, and for its Reply in Support of Motion to Dismiss, states as follows:

The case cited by Plaintiff in her Response, *Nanny vs. Smith*, 260 S.W.3d 815 (Ky. 2008), is easily distinguishable from this case. Here are the facts in *Nanny*:

| | | |
|---|---|---|
| Thursday, October 18, 2001 | : | date two-year statute of limitations began to run |
| Friday October 17, 2003 | : | date Plaintiff personally delivered lawsuit to clerk |
| Saturday, October 18, 2003 | : | date two-year statute of limitations expired |
| Tuesday October 21, 2003 | : | date clerk filed the lawsuit and issued summons |

The Court in *Nanny* held that the lawsuit was filed within the applicable statute of limitations because, regardless of the fact that October 18, 2003 fell on a Saturday, the Plaintiff should not be held responsible for the clerk's failure to file the lawsuit since the Plaintiff personally delivered the lawsuit to the clerk prior to the expiration of the application statute of limitations. Specifically,

> "[b]ecause Nanny had neither the power nor the duty to ensure that the clerk perform official duties, she was prevented by circumstances beyond her control from having the summons issued in time. We believe that under these facts, Nanny should not be held responsible for such circumstances." *Nanny.* at 817.

Here, there is no indication Plaintiff delivered this lawsuit to the Perry County Circuit Court

within the applicable statute of limitations. This case does not present a "clerk error" or "circumstances

beyond her control" situation.

The Court in *Williams vs. Hawkins,* 2018 Ky. App. LEXIS 285, 2018 WL 6252800,

distinguished its case from *Nanny*, after the plaintiff in *Williams* attempted to rely on *Nanny* for a failure

to file suit within the applicable statute of limitations, and held:

> "We decline to extend the equitable application of leniency afforded in
> Nanny because Williams failed to fulfill her responsibility to ensure she filed suit
> against a legally viable defendant within the limitations period. *Williams* at *11.
>
> Williams' failure to show she conducted even simple investigation prior to
> filing her action—essentially sitting on her own hands—does not convince us she
> was prevented from acting within the statute of limitations to correct her failure to
> adequately investigate and discover a viable legal entity to sue. We further find
> Williams' argument concerning 'circumstances beyond her control' disingenuous
> considering she failed to avail herself of information available to her. As such, we
> decline to require imposition of the **extreme equitable remedy** of allowing
> Williams' suit beyond the filing of the statute of limitations. *Williams* at *11-12
> (emphasis added).

Here, this Court should similarly decline to extend the application of leniency to Plaintiff for her

failure to file this lawsuit within the 1 year statute of limitations. Plaintiff did not fulfill her

responsibility to ensure she filed suit against a legally viable defendant within the limitations period.

Plaintiff failed to avail herself of information readily available online. Defendant Adecco USA, Inc. is

clearly listed as a foreign corporation on the Kentucky Secretary of State website with a registered agent

of CT Corporation System, 306 W. Main St., Frankfort, KY 40601 (a very common registered agent for

foreign corporations doing business in Kentucky). [*See attached Exhibit* 1].

Therefore, just like in *Williams*, this Court should decline to require imposition of the extreme

equitable remedy of allowing Plaintiff's lawsuit beyond the filing of the applicable 1 year statute of

limitations period.

2

Respectfully Submitted,

/s/ *Craig M. Schneider*
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorney for Defendant Adecco USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent via email and regular U.S. mail this 21st day of March, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ *Craig M. Schneider*
Craig M. Schneider (92345)

3

B7CC3BF4-C9AC-4D43-8F38-1CEC269027DB : 000004 of 000007

# Exhibit 1

RPL : 000004 of 000007

## ADECCO USA, INC.

## General Information

| | |
|---|---|
| **Organization Number** | 0511784 |
| **Name** | ADECCO USA, INC. |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FCO - Foreign Corporation |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | DE |
| **File Date** | 3/5/2001 |
| **Authority Date** | 3/5/2001 |
| **Last Annual Report** | 6/6/2018 |
| **Principal Office** | 10151 DEERWOOD PARK BLVD. BLDG 200 STE 400 JACKSONVILLE, FL 32256 |
| **Registered Agent** | C T CORPORATION SYSTEM 306 W MAIN ST SUITE 512 FRANKFORT, KY 40601 |

## Current Officers

| | |
|---|---|
| **CEO** | Federico Vione |
| **President** | Joyce Russell |
| **Vice President** | Gerald Robinson |
| **Secretary** | Gregory D. Holland |
| **Treasurer** | Todd Pulley |
| **Director** | Fererico Vione |
| **Director** | Marcello Pozzoni |
| **Director** | John L. Marshall |
| **Assistant Secretary** | Brad Macdonald |

## Individuals / Entities listed at time of formation

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 6/6/2018 | 1 page | PDF | |
| Annual Report | 6/15/2017 | 1 page | PDF | |
| Annual Report | 6/17/2016 | 1 page | PDF | |
| Annual Report | 6/15/2015 | 1 page | PDF | |
| Certificate of Assumed Name | 5/11/2015 | 1 page | tiff | PDF |
| Filed   Principal Office Address | 03/21/2019 1:46:40 PM  Charles Ira Patterson, Perry Circuit Clerk | | PDF | |

B7CC3BF4-C9AC-4DA3-8F38-1CEC209027DB : 000005 of 000007

RPL : 000005 of 000007

Change

| | | | | |
|---|---|---|---|---|
| Annual Report | 6/17/2014 | 1 page | PDF | |
| Annual Report | 6/19/2013 | 1 page | PDF | |
| Annual Report | 6/20/2012 | 1 page | PDF | |
| Annual Report | 6/9/2011 | 1 page | PDF | |
| Name Renewal | 12/14/2010 | 1 page | tiff | PDF |
| Annual Report | 6/22/2010 | 1 page | PDF | |
| Registered Agent name/address change | 4/19/2010 11:00:30 AM | 1 page | PDF | |
| Annual Report | 6/24/2009 | 1 page | PDF | |
| Registered Agent name/address change | 9/16/2008 6:00:00 PM | 1 page | PDF | |
| Annual Report | 6/16/2008 | 1 page | PDF | |
| Annual Report | 6/25/2007 | 1 page | tiff | PDF |
| Annual Report | 6/15/2006 | 1 page | tiff | PDF |
| Certificate of Assumed Name | 5/5/2006 | 1 page | tiff | PDF |
| Annual Report | 6/21/2005 | 1 page | tiff | PDF |
| Annual Report | 8/7/2003 | 2 pages | tiff | PDF |
| Amendment | 12/23/2002 | 2 pages | tiff | PDF |
| Annual Report | 6/10/2002 | 1 page | tiff | PDF |
| Application for Certificate of Authority | 3/5/2001 | 3 pages | tiff | PDF |

## Assumed Names

| | |
|---|---|
| ADECCO E & T | Active |
| ADECCO TECHNICAL | Inactive |

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Annual report | 6/6/2018 2:39:56 PM | 6/6/2018 2:39:56 PM | |
| Annual report | 6/15/2017 11:53:02 AM | 6/15/2017 11:53:02 AM | |
| Annual report | 6/17/2016 9:33:29 AM | 6/17/2016 9:33:29 AM | |
| Annual report | 6/15/2015 2:24:03 PM | 6/15/2015 2:24:03 PM | |
| Added assumed name | 5/11/2015 12:21:19 PM | 5/11/2015 | ADECCO E & T |
| Annual report | 6/17/2014 1:48:24 PM | 6/17/2014 1:48:24 PM | |
| Principal office change | 6/17/2014 1:46:40 PM | 6/17/2014 1:46:40 PM | |
| Annual report | 6/19/2013 10:17:56 AM | 6/19/2013 10:17:56 AM | |
| Annual report | 6/20/2012 10:50:41 AM | 6/20/2012 10:50:41 AM | |
| Annual report | 6/9/2011 8:49:17 AM | 6/9/2011 8:49:17 AM | |
| Annual report | 6/22/2010 | 6/22/2010 | |

B7CC3BF4-C9AC-4D43-8F38-1CEC209027D3 : 000006 of 000007

RPL : 000006 of 000007

|  | 10:22:01 AM | 10:22:01 AM | |
|---|---|---|---|
| Registered agent address change | 4/19/2010 11:00:33 AM | 4/19/2010 11:00:33 AM | |
| Annual report | 6/24/2009 8:44:14 AM | 6/24/2009 8:44:14 AM | |
| Registered agent address change | 9/16/2008 6:39:00 PM | 9/16/2008 6:39:00 PM | |
| Annual report | 6/16/2008 2:27:27 PM | 6/16/2008 2:27:27 PM | |
| Annual report | 6/25/2007 3:36:55 PM | 6/25/2007 | |
| Annual report | 6/15/2006 12:33:19 PM | 6/15/2006 | |
| Added assumed name | 5/5/2006 1:15:29 PM | 5/5/2006 | ADECCO TECHNICAL |
| Amendment - Change name | 12/23/2002 11:41:27 AM | 12/23/2002 | ADECCO CS, INC. |

## Microfilmed Images

**Microfilm images are not available online. They can be ordered by faxing a Request For Corporate Documents to the Corporate Records Branch at 502-564-5687.**

| Annual Report | 8/17/2004 | 1 page |
|---|---|---|
| Annual Report | 8/7/2003 | 2 pages |
| Amendment | 12/23/2002 | 2 pages |

# Exhibit 12

Tendered · 18-CI-00449 03/27/2019    Charles Ira Patterson, Perry Circuit Clerk

TENDERED
ENTERED SUMMONS
FILED
COST PAID
DATE
CHARLES IRA PATTERSON AND DISTRICT CLERK
PERRY CIRCUIT
BY:

D.C. **COMMONWEALTH OF KENTUCKY**
**33RD JUDICIAL CIRCUIT**
**PERRY CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00449**

**EMMA GOINS**                                          **PLAINTIFF**

v.

**ADECCO USA, INC.**                                   **DEFENDANT**

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter having come before this Court on the motion of the Defendant, Adecco

USA, INC., to dismiss this action with prejudice, the Plaintiff having filed a response,

and this Court being otherwise sufficiently advised, IT IS HEREBY ORDERED AS

FOLLOWS:

1. The Defendant's Motion to Dismiss this action with prejudice, filed February 20,

   2019, is DENIED

   Dated this the 28th day of _____ March _____ 2019.

   _____
   JUDGE, PERRY CIRCUIT COURT

**DISTRIBUTION:**
Hon. Craig M. Schneider
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Pkwy. Ste. 230.
Ft. Wright, KY 41011
Craig.schneider@lewisbrisbois.com
*Attorney for Defendant, Adecco USA, Inc.*

Hon. Wm. Jacob Roberts
116 Lawyer St., Ste. 2
Manchester, KY 40962
Wmjacobroberts1991@gmail.com
*Attorney for Plaintiff*
        3-29-19
CLERK'S INITIALS AND DATE

TD : 000001 of 000001

# Exhibit 13

**COMMONWEALTH OF KENTUCKY**
**33RD JUDICIAL CIRCUIT**
**PERRY CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00449**

*Electronically Filed*

**EMMA GOINS**                                                                    **PLAINTIFF**

**v.**

**ADECCO USA, INC.**                                                          **DEFENDANT**

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Please take notice that the Defendant, Adecco USA, Inc., has on this date filed a Notice of

Removal, a copy of which is attached as Exhibit 1, in the Office of the Clerk of the United States

District Court for the Eastern District of Kentucky.

Defendant Adecco USA, Inc. has given written notice of the filing of the Notice of Removal to

counsel for Plaintiff by notifying Plaintiff via electronic and U.S. Mail. Pursuant to 28 U.S.C. §

1446(d), the above-styled action is now removed to the United States District Court for the Eastern

District of Kentucky, and all further proceedings in this Court are stayed unless and until the case is

remanded.

Respectfully Submitted,

*/s/ Craig M. Schneider*
Judd R. Uhl (89578)
Craig M. Schneider (92345)
LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, Kentucky 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
craig.schneider@lewisbrisbois.com
*Attorney for Defendant Adecco USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent via email and regular U.S. mail this 30th day of May, 2019 to:

Wm. Jacob William Roberts
116 Lawyer St. Suite 2
Manchester, KY 40962
WmJacobRoberts1991@gmail.com
*Attorney for Plaintiff*

/s/ *Craig M. Schneider*
Craig M. Schneider (92345)