UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| EMMA GOINS, ) | |
| ) | |
| Plaintiff, ) | Civil No: 6:19-cv-00133-GFVT |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| ADECCO, USA, INC., ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Plaintiff Emma Goins' Motion to Remand. [R. 6.] This action was initiated in Perry Circuit Court on October 22, 2018. [R. 1.] Defendant Adecco USA, Inc. removed to this Court when, in response to an interrogatory, Ms. Goins indicated she sought more than $75,000 in damages. Now, Ms. Goins seeks to remand on the grounds that Adecco's notice of removal was untimely, and Adecco waived its right to remand by consenting to the state court's jurisdiction. For the following reasons, Ms. Goins' Motion to Remand [R. 6] is DENIED.

**I**

Plaintiff Emma Goins claims she sustained injuries while visiting Buckhorn Lake State Resort Park in Perry County, Kentucky on October 21, 2017. [R. 1-1 at ¶¶ 5–8.] At the time, Defendant Adecco USA, Inc. was contracted by the Commonwealth of Kentucky to provide maintenance for the Department of Parks. [R. 1-1 at ¶ 2.] Ms. Goins contends that Adecco was negligent in its responsibilities which caused a dangerous condition to exist on the stairs at the

park, which caused her to fall. [R. 1-1 at ¶¶5–8.] The complaint did not identify a specific dollar amount of damages, but stated "[a]ll damages complained of by the Plaintiff exceed the jurisdictional prerequisites of this Court." [R. 1-1 at ¶ 4.]

In Perry Circuit Court, Adecco filed its answer and subsequently moved to dismiss the action as barred by the applicable statute of limitations. Kentucky has a one-year statute of limitations on personal injury actions. K.R.S. § 413.140(1)(a). Ms. Goins was injured on October 21, 2017 but did not file suit until October 22, 2018. [R. 1-1.] However, the state court denied Adecco's motion to dismiss, finding that October 21, 2018 fell on a Sunday, and therefore the statute did not run until the following day. Thus, the state court found Ms. Goins' complaint was timely filed on October 22, 2018.

After that ruling, Adecco served written discovery requests upon Ms. Goins, which included a request for admission that the damages sought exceeded $75,000, exclusive of interest and costs. [R. 7 at 3.] Ms. Goins responded to the discovery request on May 2, 2019 and revealed that, at that time, her expenses totaled $84,873.52. [R. 1-1 at 24.]. Adecco filed its notice of removal on May 30, 2019. [R. 1.] Thus, the parties agree that there is complete diversity between them, and that the amount in controversy requirement for diversity jurisdiction is met. [R. 1-1 at 24; R. 6 at 1.] Nevertheless, Ms. Goins argues that remand is proper on the grounds that Adecco's notice of removal was filed more than thirty days after service of the complaint, and because Adecco consented to state court jurisdiction by serving its answer to the complaint, filing its motion to dismiss, and beginning discovery. [R. 6.]

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the

action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted). Finally, as this Court has noted before, "when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case." *Coppola v. Wal-Mart Stores East, LP*, 2016 U.S. Dist. LEXIS 113599, *2 (E.D. Ky. Aug. 25, 2016).

**B**

Ms. Goins contends Adecco's notice of removal was untimely, because it was filed more than thirty days after Adecco was served with the complaint. [R.6 at 2.] By her calculations, Adecco had until November 29, 2018 to file its notice in order to comply with § 1446. *Id.*; *see* Fed. R. Civ. P. 6(a); 28 U.S.C. § 1446(b)(1). The Court disagrees.

Section 1446 provides that "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant," with the exception that if it is not apparent from the complaint that a case is removable, then the defendant has thirty days from receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Kentucky's rules of

3

civil procedure prohibit plaintiffs from "recit[ing] any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court[.]" Ky. R. Civ. P. 8.01(1). In compliance with Rule 8.01, Ms. Goins' complaint did not request a specific sum in damages. [R. 1-1 at ¶ 9.].

Because of this rule, it is often difficult for defendants and this Court to ascertain from the face of the complaint whether the amount in controversy requirement for diversity jurisdiction has been met. But, Rule 8.01 allows a party against whom a claim for unliquidated damages is made to obtain information as to the amount by use of interrogatories. *See* Ky. R. Civ. P. 8.01. As this Court has stated before, "[i]n diversity cases, the best practice is for defendants to take advantage of state discovery procedures, and to remove to federal court only when it becomes apparent that the requirements of 28 U.S.C. § 1332 have been met." *Hacker v. Aetna Life Ins. Co.*, 2018 U.S. Dist. LEXIS 194961, *5 (E.D. Ky. November 15, 2018); *see also King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958 (E.D. Ky. Jan. 16, 2009); *Holland v. Buffin*, 2015 U.S. Dist. LEXIS 80242 (E.D. Ky. Jan. 16, 2015); *Giffin v. Runyons*, 2011 U.S. Dist. LEXIS 122092 (E.D. Ky. Oct 21, 2011).

Here, Adecco has done exactly what this Court has instructed defendants to do in the past. Adecco made use of state court discovery mechanisms to establish definitively that Ms. Goins sought more than $75,000 in damages. Because of Kentucky's pleading rules, it was not until Ms. Goins responded to Adecco's request for admission that Adecco knew the amount in controversy exceeded $75,000. [R. 7 at 3.] Once it was clear that the amount in controversy requirement was met, Adecco filed its notice of removal within thirty days, in accordance with § 1446(b)(3). For these reasons, the Court finds that Adecco's notice of removal was timely filed.

**C**

Ms. Goins further argues that even if the notice of removal was timely filed, this case should still be remanded. Adecco waived its right to remove by consenting to the jurisdiction of the state court, according to Ms. Goins. [R. 6 at 2.]

"[A] defendant may waive the right to remove an action to federal court by taking actions in state court, *after it is apparent that the case is removable*, that manifest the defendant's intent to have the cause adjudicated in state court." *Queen v. Dobson Power Line Const. Co.*, 414 F. Supp. 2d 676, 678 (E.D. Ky. 2006) (emphasis added). "Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits." *Bedell v. H.R.C., Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981). Furthermore, "the defendant's intent [to waive] must be clear and unequivocal." *Id.*

Adecco's actions in state court include (1) filing an answer to Ms. Goins' complaint; (2) filing a motion to dismiss for failure to state a claim; (3) filing a reply to Ms. Goin's response to its motion to dismiss; and (4) serving discovery requests on Ms. Goins. [R. 7 at 6–7.] It was only when Ms. Goins answered Adecco's request for admission that it became apparent the case was removable. Therefore, none of these filings constitute "an action taken *after* removability was established." *Whaley v. City of Burgin*, 2016 U.S. Dist. LEXIS 95182, *16 (E.D. Ky. 2016). Because the case was not removable when Adecco made these filings, it is not necessary to decide whether any of them amount to "an adjudication on the merits" or whether Adecco's intent was "clear and unequivocal." Adecco did not waive its right to remove to federal court by consenting to state court jurisdiction.

**III**

Ms. Goins' arguments for remand all hinge on when this case became removable. It

could not be said for certain that the amount in controversy requirement of 28 U.S.C. § 1332 was met until May 2, 2019. Prior to that point, none of Adecco's state court filings could constitute "an action taken after removability was established." *Whaley*, 2016 U.S. Dist. LEXIS 95182 at *16. After that point, Adecco had thirty days to remove to federal court, which was accomplished on May 30, 2019. The Court finds that Ms. Goins arguments for remand are without merit. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Plaintiff Emma Goins' Motion for Remand **[R. 6]** is **DENIED**.

This the 23d day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge