**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

| | |
|---|---|
| **EMMA GOINS** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 6:19-cv-00133-GFVT** |
| **ADECCO USA, INC.** | **DEFENDANT** |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. Factual Background.

On or about October 21, 2017 Plaintiff Emma Goins ("Plaintiff") alleges she was a business invitee at Buckhorn Lake State Resort Park in Perry County, Kentucky (the "Park") when she attended an event at the Park. [Complaint, ¶ 5; Doc 1-1, Page ID # 7]. Plaintiff alleges on that date, Defendant Adecco USA, Inc. ("Adecco") failed to inspect and maintain the premises in a proper manner, allowing the presence of an unreasonably dangerous condition. [Complaint, ¶ 6; Doc 1-1, Page ID # 7]. Plaintiff further alleges that Adecco failed to correct the unreasonably dangerous condition and/or otherwise give warning of the dangerous condition, and as a direct and proximate result of that alleged negligence, Plaintiff fell on stairs and was injured. [Complaint ¶ 7-8 ; Doc 1-1, Page ID # 7-8]. Plaintiff further alleges the actions and/or inactions of Adecco demonstrated a wanton, willful, grossly negligent, and/or reckless disregard for her rights and safety, thereby entitling her to an award of punitive damages. [Complaint, ¶ 11 ; Doc 1-1, Page ID # 9].

Plaintiff was at the Park with a women's group from her church for a retreat. [See Trnscrpt. from Depo. of Plaintiff, attached hereto as Exhibit A, pg. 14, lines 8-11]. When she checked into the Park to obtain the key to her room, she paid $50.00 in cash to the treasurer of her church as her admission fee for the retreat. [Exhibit A, pgs. 18-19, lines 12-8]. That fee covered the cost of her

food, drinks, lodging and events. [Exhibit A, pg. 38-39, lines 25-5]. She did not spend any money at the Park during her time there. [Exhibit A, pg. 38, lines 19-21].

On the morning of the subject incident, Plaintiff walked to the Lodge building at the Park to have devotionals and breakfast. [Exhibit A, pgs. 33-34, lines 24-6]. After breakfast, she went to a meeting room in the Lodge building for bible study and singing until around lunchtime. [Exhibit A, pg. 37, lines 4-6]. Instead of eating lunch with her church group, Plaintiff elected to go outside to get some fresh air. [Exhibit A, pg. 38, lines 12-15]. She walked out the front door of the Lodge building and attempted to walk down a set of steps. [Exhibit A, pg. 37, lines 20-24; see also Exhibit 1 to the transcript]. She started walking down the steps and fell. [Exhibit A, pg. 38, lines 8-11].

The following are excerpts from Plaintiff's deposition regarding the details of her fall:

"Q: Okay. In your own words Ms. Goins, tell me what happened which resulted in your fall?

A: I – I was just walking and I was getting ready to go down the steps. Well, I had started down the steps and I – I don't know if I missed a step or – or – or maybe I stumbled or something I don't – I don't know. I just – just fell.

Q: Did you fall forward or just –

A: I fell forward.

Q: Did you immediately fall, or did you kind of stumble for a few steps, and then fall? Do you remember? Do you understand what my question is, Ms. Goins?

A: Yes, sir. I – I understand. I don't know – I don't – I – I know I fell forward, but I don't know if I took any steps or not. I can't remember. It – it was just – I just fell and that's –…" [Exhibit A, pgs. 41-42, lines 24-15].

\*\*\*

"Q: When you were going down those couple of steps just before you fell, where were your eyes?

A: I usually look down to see where I'm walking but I – I don't – I wouldn't say for sure.

2

Q: Do you know, as we sit here today, what caused your fall?

A: No.

Q: Do you know anything about my client, Adecco USA Incorporated?

A: No.

Q: Do you know what Adecco's role might have been at the park on the date that you fell?

A: No." [Exhibit A, pg. 45, lines 3-16].

\*\*\*

"Q: Okay. Do you know of any unreasonable condition on the premises which caused or contributed to your fall?

A: No.

Q: Okay. Do you know if there was a dangerous condition on the premises which caused or contributed to your fall?

A: No.

Q: Do you know of any unsafe condition on the premises which caused or contributed to your fall?

A: No." [Exhibit A, pg. 49, lines 5-15 ].

During her deposition, Plaintiff was shown a copy an Incident Report from her fall and testified to the following:

"Q: And I'll just – if you go to the section in the middle where it says, 'Guest missed front step in front of entrance.' Do you see that Ms. Goins? Number 1?

A: Hold on. Oh, okay. Yeah.

Q: Do you see? Did I read that correctly? 'Guest missed step' – I'm sorry –

A: Don't see it.

Q: -- 'Missed front step in front of entrance.' Do you see that?

A: Oh. Oh. Oh. Here. Yeah. I was looking down here.

3

| | | |
|---|---|---|
| Q: | I'm sorry about that. You see that now? | |
| A: | Yeah. | |
| Q: | Would you agree that that is what happened? | |
| A: | I think so. Yes. | |
| Q: | And is that consistent with – you had previously testified about? | |
| A: | As far as I can remember it." [Exhibit A, pg. 50, lines 1-19; see also Exhibit 3 to the transcript ]. | |

At all times herein, the Park was owned by the Commonwealth of Kentucky. [See Exhibit B, Affidavit of Rhonda Cotton, ¶ 5; see also Exhibit C, Master Agreement for Temporary Services between the Commonwealth of Kentucky and Adecco]. Adecco had a contract with the Commonwealth of Kentucky to provide general maintenance services at the Park, and specific to the front steps of the Lodge building, would have been responsible for such tasks as (1) blowing away any leaves which had accumulated, (2) picking up trash and debris, and (3) emptying the trash cans. [Exhibit B, ¶ 6]. The Kentucky Department of Parks at all pertinent times herein kept their own employees on site at the Park and remained responsible for the general oversight, control, and operations of the Park. [Exhibit B, ¶ 7]. Plaintiff has filed a separate lawsuit against the Commonwealth of Kentucky in the Kentucky Claims Commission arising out of the same incident, Kentucky Claims Commission Claim No. CC-2018-715, which is pending.

**II.    Applicable Law.**

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff is a resident of Kentucky; Adecco has Florida citizenship. [Doc. # 1, Page ID # 1]. Because Kentucky is the forum state, its substantive law should be used. *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted). However, federal procedural law

will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

### III. Federal Summary Judgment Standard.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate if the pleadings, discovery and any affidavits demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Defendant has the burden of demonstrating absence of evidence to support the plaintiff's case, *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) and, having done so plaintiff must provide evidence that would be sufficient for a jury to reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 25.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied the burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324). Summary judgment is appropriate if a party, after adequate opportunity for discovery, "fails to make a showing sufficient to

5

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Back v. Hall*, 2012 U.S. Dist. LEXIS 13242, *15, 2012 WL 369425, citing *Klemencic v. Ohio State Univ.*, 263 F.3d 504, 509 (6th Cir. 2001).

## IV. Argument.

### 1. Plaintiff cannot identify an unreasonably dangerous condition at the Park, attributable to Adecco, which caused or contributed to her fall.

This is a premises liability lawsuit and Plaintiff's claims and causes of action against Adecco sound in negligence in allegedly having failed to maintain the Park and allowing an unsafe condition to exist. First and foremost, a land possessor is subject to the general duty of reasonable care. *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 908 (Ky. 2013). "The concept of liability for negligence expresses a universal duty owed by all to all." *Id.*, citing *Gas Service Co. v. City of London*, 687 S.W.2d 144, 148 (Ky. 1985). And "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Id.* (internal citations omitted). Of course, possessors of land are not required to ensure the safety of individuals invited onto their land; but possessors of land are required to maintain the premises in a reasonably safe condition. *Id.*

In the context of premises liability negligence, there are certain circumstances where liability can be limited, not because a duty does not exist but because there is no negligence – no breach – as a matter of law. *Shelton* at 908. In this case, Plaintiff has not identified how Adecco breached a duty of care owed to her. She does not know Adecco's role or responsibilities at the Park. She could not identify an unreasonable, unsafe, or hazardous condition at the Park which caused or contributed to her fall, much less any condition which can be attributed to a negligent act of Adecco.

In this case, Plaintiff simply tripped and fell on the steps in front of the Lodge at the Park while she was attempting to walk down them. She did not trip due to an unreasonable, unsafe, or hazardous condition on or about the steps. Premises liability is not strict liability. Plaintiff cannot

6

point to the existence of an unsafe, unreasonable, or hazardous condition which caused or contributed to her fall. For these reasons, summary judgment in favor of Adecco and a dismissal of all claims asserted against it is warranted.

While Kentucky's premises liability law has undergone some changes,[1] "[t]he basic negligence tort paradigm has never changed: duty, breach, causation, damages. *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015). A trip and fall plaintiff is required to show (1) she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees. *Jones v. Abner,* 335 S.W.3d 471, 475 (Ky. Ct. App. 2011) (internal citations omitted). **An invitee must first and foremost demonstrate that an unreasonably dangerous condition existed upon the land**. See *Shelton*, 413 S.W.3d 901 (emphasis added).

A party opposing a motion for summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment. *Abner* at 476, citing *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 199 (Ky. 2001). Accordingly, "speculation and supposition" are not enough to survive a motion for summary judgment. *Id.,* citing *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006), quoting *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951). In this case, when given the opportunity during her discovery deposition to identify

---

[1] Specifically, the evolution of the "open and obvious doctrine" analyzed in *Shelton* and *Ky. River. Med. Ctr. v. McIntosh*, 319 S.W.3d 385 (Ky. 2010) as no longer being a complete defense to liability. However, the "open and obvious" doctrine is inapplicable here because Plaintiff cannot identify any dangerous or hazardous condition whatsoever, regardless of whether it was "open and obvious", which caused or contributed to her fall.

a foreign substance or other unsafe, unreasonable, dangerous, or hazardous condition at the Park which was a substantial factor in causing her to fall, Plaintiff testified as follows:

> "Q: Do you know, as we sit here today, what caused your fall?
>
> A: No.
>
> Q: Do you know anything about my client, Adecco USA Incorporated?
>
> A: No.
>
> Q: Do you know what Adecco's role might have been at the park on the date that you fell?
>
> A: No." [Exhibit A, pg. 45, lines 3-16].

\*\*\*

> "Q: Okay. Do you know of any unreasonable condition on the premises which caused or contributed to your fall?
>
> A: No.
>
> Q: Okay. Do you know if there was a dangerous condition on the premises which caused or contributed to your fall?
>
> A: No.
>
> Q: Do you know of any unsafe condition on the premises which caused or contributed to your fall?
>
> A: No." [Exhibit A, pg. 49, lines 5-15 ].

Plaintiff initially filed this lawsuit on October 22, 2018 in Perry Circuit Court and it was subsequently removed to this Court. Thus, in addition to the entire year she had to investigate following her October 21, 2017 slip and fall, Plaintiff has also had over sixteen (16) months to conduct discovery following the filing of her lawsuit try to come up with some evidence or probative facts suggesting an unreasonable or unsafe condition, attributable to Adecco, which caused or contributed to her fall. She has not done so and will not be able to do so because, in Plaintiff's own

8

words, there was no such unsafe or dangerous condition. This is precisely the type of scenario where summary judgment should be granted in favor of a defendant being accused of a negligent act in a premises liability case.

In *Hilton v. W&M of Ky., Inc.,* 2019 Ky. App. Unpub. LEXIS 252 (attached hereto as Exhibit D), a woman was leaving her workplace and fell on the ground floor of her building. In her deposition, the woman could not point to any particular condition or reason for her fall. In fact, the lower court, in granting summary judgment, concluded the woman "offered mere speculation and could not identify an unreasonably dangerous condition" which might have caused her fall. *Id* at *3. The Kentucky Court of Appeals agreed, concluding:

> "In the end, Hilton simply failed to put forth probative facts demonstrating that an unreasonably dangerous condition existed on the floor of the Watterson Tower on the day she fell. In the ordinary course of daily life, individuals fall for a variety of reasons. It was incumbent upon Hilton to set forth probative facts evidencing that an unreasonably dangerous condition existed at Watterson Tower. She failed to do so. Therefore, we conclude that the circuit court properly rendered summary judgment dismissing her premises liability action against W&M." *Id.* at *9.

Here, Plaintiff, like in *Hilton*, has failed to produce any evidence or probative facts which point to an unreasonably dangerous condition that caused her fall or any act of negligence attributable to Adecco. Therefore, Adecco is entitled to summary judgment.

**2. As a contractor for the Commonwealth of Kentucky Parks Department, Adecco is entitled to summary judgment due to recreational user immunity.**

In *Collins v. Rocky Knob Assocs.*, 911 S.W.2d 608 (Ky. 1995) representatives of two deceased individuals, ages sixteen and twenty-four, filed a wrongful death lawsuit against Rocky Knob Associates, Inc., after the two individuals drowned at Paintsville Lake. *Id.* at 608-609. The Kentucky Department of Parks had sublet twenty acres to Rocky Knob for the purpose of operating a marina, including a boat ramp, parking lot, and picnic area. *Id.* at 610. The facilities were open to

9

the public and no admission was charged. *Id.* Summary judgment was entered in favor of Rocky Knob due to KRS 411.190, also known as the Recreational User Statute. *Id.* at 609.

Except as specifically recognized by or provided in subsection (6), an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreation purposes does not thereby (a) extend any assurance that the premises are safe for any purpose, (b) confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons. *Rocky Knob* at 609-610, citing KRS 411.190. KRS 411.190(1)(b) defines owner for this section as "the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." *Id.* at 610. The Kentucky Court of Appeals held that Rocky Knob was "within the protective ambit of the Recreational Use Statute." *Id.* at 610.

Here, Buckhorn Lake State Resort Park is, obviously, a Kentucky state park. Adecco had a contract with the Commonwealth of Kentucky to provide general maintenance services at the Park, and specific to front steps of the Lodge building, would have been responsible for such tasks as (1) blowing away any leaves which had accumulated, (2) picking up trash and debris, and (3) emptying the trash cans. [Exhibit B, ¶ 6]. The Kentucky Department of Parks at all pertinent times herein kept their own employees on site at the Park and remained responsible for the general oversight, control, and operations of the Park. [Exhibit A, ¶ 7]. Thus, Adeccco was, at best, an "occupant" of the Park due to their Contract to provide general maintenance services.

The Park was open for entry by the public for recreational purposes. Plaintiff was at the Park with a women's group from her church for a retreat. [Exhibit A, pg. 14, lines 8-11]. When she checked into the Park to obtain the key to her room, she paid $50.00 in cash to the treasurer of her church as her admission fee to the retreat. [Exhibit A, pgs. 18-19, lines 12-8]. That fee covered the

10

cost of her food, drinks, lodging and events. [Exhibit A, pg. 38-39, lines 25-5]. She did not spend any money at the Park during her time there. [Exhibit A, pg. 38, lines 19-21]. As such, Adecco is within the protective ambit of the Recreational Use Statute and therefore Plaintiff's tort claims should be dismissed with prejudice.

The immunity from liability under the Recreational Use Statute covers not just the record title owner but also those who, like the employees, are alleged to have negligently performed the duties conferred upon them by virtue of their employment. As stated in *Roach v. Hedges*, 419 S.W.3d 46, 48 (Ky. App. 2013) (quoting 62 AM. JUR. 2D Premises Liability § 10 (1990)), the immunity from liability granted the owner extends to anyone "who does an act or carries on an activity on land on behalf of the possessor[.]" Here, Adecco enjoys the same freedom from liability as the Commonwealth of Kentucky under Kentucky's Recreational Use statute by virtue of Adecco's contract. Therefore, Adecco is entitled to summary judgment.

**3. Plaintiff's claims for punitive damages should be dismissed.**

A complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Here, Plaintiff has failed in her Complaint to provide any facts to state a plausible claim that Adecco acted with any level of malice or ill will. *Twombly*, 550 U.S. at 555; see also *Thomas v. Rijos*, 780 F. Supp. 2d 376, 2011 U.S. Dist. LEXIS 47057, 2011 WL 1637471, at *3 (D. V.I. Apr. 29, 2011) (collective cases applying *Iqbal* and *Twombly* to claims of gross negligence and/or for punitive damages where factual pleading was lacking). Instead, Plaintiff merely recites the elements necessary for the claims and makes legal conclusions, without providing any factual basis that would allow the Court to conclude Adecco demonstrated wanton, willful, grossly

negligent, and/or reckless disregard for the rights and safety of Plaintiff. As such, Count II of Plaintiff's Complaint should be dismissed with prejudice.

Additionally, a plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice. KRS 411.184(2). Here, Plaintiff testified she was unaware of Adecco's role at the Park on the date of the incident. Adecco would further rely upon its arguments and analysis set forth above which illustrate a complete lack of any evidence or probative facts supporting a viable negligence claim against Adecco, much less a punitive damages claim against Adecco. There is absolutely no "clear and convincing evidence" that Adecco acted with oppression, fraud, or malice towards her. Clearly, Adecco is entitled to summary judgment on Plaintiff's claim for punitive damages.

### V. **Conclusion**

October 21, 2020 will mark the three year anniversary of Plaintiff's trip and fall at the Park. She had thus had ample time to investigate what occurred identify evidence or probative facts which might support the allegations in the Complaint of either (a) the existence of an unreasonable, unsafe, or hazardous condition or (b) a negligent act of Adecco. No such evidence or probative facts exist. To overcome summary judgment, an invitee must first and foremost demonstrate that an unreasonably dangerous condition existed upon the land. Plaintiff consistently testified during her deposition that no such dangerous condition existed, much less did a dangerous condition cause or contribute to her fall, and therefore her claims against Adecco necessarily fail.

Moreover, by virtue of Adecco's contract with the Commonwealth of Kentucky, and the fact that Plaintiff was not charged an admission fee to enter the Park, Adecco falls within the protective ambit of Recreational User immunity.

Lastly, Plaintiff's claim for punitive damages fails to meet the federal pleading requirements and there is a complete devoid of any probative facts which support Plaintiff's claim that Adecco's conducts arises to the level entitling her to an award of punitive damages.

WHEREFORE, for the foregoing reasons, Defendant Adecco USA, Inc. respectfully requests this Court enter summary judgment in its favor and dismiss this case with prejudice.

>Respectfully Submitted,
>
>/s/ *Craig M. Schneider*
>Judd R. Uhl (89578)
>Craig M. Schneider (92345)
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>2333 Alexandria Drive
>Lexington, KY  40504
>(859) 663-9830 / (859) 663-9829 (Fax)
>judd.uhl@lewisbrisbois.com
>craig.schneider@lewisbrisbois.com
>*Attorneys for Defendant, Adecco USA, Inc.*

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically transmitted to all counsel of record on February 28, 2020.

>/s/ *Craig M. Schneider*
>Judd R. Uhl (89578)
>Craig M. Schneider (92345)