UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| EMMA GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 6:19-cv-00133-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| ADECCO USA, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Adecco, USA, Inc. moves for summary judgement against Plaintiff Emma Goins. [R. 14.] Adecco argues summary judgment is proper because Ms. Goins has failed to identify an unreasonably dangerous condition, attributable to Adecco, that caused or contributed to her fall. *Id.* Ms. Goins disagrees, and asserts that she has identified the unreasonably dangerous condition. [R. 15] She further argues Adecco's motion should be dismissed until she has had further time for discovery. *Id.* For the following reasons, Adecco's Motion for Summary Judgment [R. 14] is GRANTED.

**I**

Plaintiff Emma Goins sustained injuries while a business invitee at Buckhorn Lake State Resort Park in Perry County, Kentucky on October 21, 2017. [R. 1-1 at ¶¶ 5–8.] Ms. Goins was exiting the lodge when she suddenly fell, and sustained injuries to her pelvis that necessitated surgery. [R. 15.] Ms. Goins fell over two steps leading out of the Buckhorn Lake State Resort Park lodge. Painted on the top stair were the words "watch your step" in bright orange. [R. 14-2

at 27.] At her deposition, Ms. Goins testified that she is not precisely sure what caused her to fall: "I was just walking and I was getting ready to go down the steps. Well, I had started down the steps and I—I don't know if I missed a step or—or—or maybe I stumbled or something I don't—I don't know. I just—I just fell." [R. 14-2 at 11.]

At the time, Defendant Adecco USA, Inc. was contracted by the Commonwealth of Kentucky to provide maintenance for the Department of Parks. [R. 1-1 at ¶ 2.] Adecco's responsibilities included such tasks as "(1) blowing away any leaves which had accumulated, (2) picking up trash and debris, and (3) emptying trash cans." [R. 14-2 at 2.] Ms. Goins' complaint alleges Adecco "knew or should have known of the presence of an unreasonably dangerous condition on the stairs where invitees are expected to walk and travel," and that "through its negligence, [Adecco] failed to correct the unreasonably dangerous condition and/or otherwise give adequate warning of the dangerous condition to its invitees." [R. 1, ¶ 7.]

There are no facts in the record which would demonstrate that the presence of debris or a foreign substance on the stairs caused Ms. Goins to fall. In her response to Adecco's Motion for Summary Judgment, Ms. Goins argues that the design of the stair itself and the warning thereon is unreasonably dangerous. [R. 15.] She says "by the park's own admission, the steps required some type of warning to those traveling over them. By the Plaintiff's testimony, the warning was, in part, inadequate." [R. 15 at 4.] Ms. Goins further argues that summary judgment is premature as discovery is still ongoing.[1]

Adecco counters that although discovery is ongoing, Ms. Goins has had ample time to conduct discovery, and yet she has failed to identify an unreasonably dangerous condition which caused her to fall. Adecco also argues that it is protected by Kentucky's Recreational Use

---

[1] The discovery deadlines had not passed when Adecco filed its motion for summary judgment. The deadline for completion of fact discovery has since lapsed, on July 6, 2020. [R. 11.]

Statute which, generally speaking, limits liability for landowners who open their property up for public use. [R. 14-1 at 9.]

**II**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden is initially on the moving party to inform "the district court of the basis of its motion, and [to identify] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, the nonmoving party, "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Further, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Instead, "the non-moving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

**A**

Ms. Goins primary argument against summary judgment is that discovery is ongoing, and therefore "it would be premature to cut off this case at this point before the conclusion of discovery." [R. 15 at 13–14.] Rule 56 allows a party to file for summary judgment "at any time until 30 days after the close of all discovery." Fed. Rule. Civ. P. 56(b). While there is no requirement that fact discovery be complete, the non-moving party must be given adequate time to conduct discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("The plain language of Rule 56(c) mandates the entry of summary judgment, after *adequate* time for discovery and upon motion . . . .") (emphasis added).

The Court finds that Ms. Goins has had adequate time for discovery in this case. Ms. Goins' injury occurred on October 21, 2017. [R. 1-1 at ¶¶ 5–8.] She filed suit in Perry Circuit Court approximately one year later, in October 2018. It has now been three years since the accident. Throughout that time Ms. Goins could have—and indeed, appears to have—engaged in discovery.

Moreover, it is unclear what is left to discover. Ms. Goins was obviously present for the accident and theoretically would have the best idea of what caused her fall. The identity of the witnesses to her fall are also already known to Ms. Goins. [*See* R. 14-2.] If Ms. Goins planned to identify a foreign object or substance on the stairs, she possesses the tools to do so. Instead, she appears to be arguing that the steps themselves—by virtue of their design—are unreasonably dangerous, and the warning provided is inadequate. [R. 15 at 4.] For that argument, the record contains the factual evidence reasonably required: a photograph of the stairs, and a photograph of the warning on the stairs. Adecco's motion is not premature, because Ms. Goins has had adequate time to conduct discovery.

**B**

"In a slip and fall case, a plaintiff must prove negligence on the part of the defendant." *Smith v. Smith*, 563 S.W.3d 14, 16 (Ky. 2018). Negligence requires a showing of duty, breach, causation, and damages. *See id.* The duty of care owed to a plaintiff depends upon the status of the plaintiff. *Id.* Ms. Goins says she was a business invitee to the park, and Adecco does not dispute this characterization. An invitee to property is owed "a duty of reasonable care, such that an invitee enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there." *Id.* (internal citations omitted). Ms. Goins will prevail on her claim if she can show "(1) [she] had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees." *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). Ms. Goins argues Adecco breached its duty of care by "allowing the presence of an unreasonably dangerous condition." [R. 1-1, ¶ 6.]

Adecco argues Ms. Goins has failed to identify any unreasonably dangerous condition for which Adecco is responsible, and the Court agrees. The undisputed facts establish that Adecco was responsible for "(1) blowing away any leaves which had accumulated, (2) picking up trash and debris, and (3) emptying trash cans." [R. 14-2 at 2.] Had Ms. Goins slipped on wet leaves or debris that Adecco neglected to remove, perhaps it might be liable for her injuries. But in three years, Ms. Goins has been unable to drum up evidence that would support this version of events. Instead, Ms. Goins has argued that the steps are dangerous by design, and that the warning placed upon them is inadequate. [R. 15.] But the undisputed facts demonstrate that

5

neither of these conditions are under Adecco's control. Adecco has not breached its duty of reasonable care because it has no control over the conditions which Ms. Goins says are unreasonably dangerous. Accordingly, Adecco's Motion for Summary Judgment is GRANTED.

### III

Despite receiving adequate time for discovery, Ms. Goins has failed to discover facts that support her contention that Adecco caused an unreasonably unsafe condition to exist at Buckhorn Lake State Resort Park. The undisputed facts establish, at best, that the stair over which Ms. Goins fell was dangerous by design, and that the warning thereupon was inadequate. But neither of these conditions are within Adecco's power to remedy. Because the Court finds that Ms. Goins cannot factually support the essential elements of her claim, the Court need not examine whether Adecco is protected by Kentucky's Recreational Use Statute. Accordingly, and the Court being otherwise sufficiently advised, Adecco's Motion for Summary Judgment **[R. 14]** is **GRANTED**.

This the 17th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge